UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTOPHER PAYTON MAY-SHAW,

      Petitioner,

v.                                                        Case No. 1:04-CV-650

UNITED STATES OF AMERICA,               HON. GORDON J. QUIST

      Respondent,

_____/

**OPINION**

**Background**

      Petitioner, Christopher Payton May-Shaw, acting *pro se* filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on September 30, 2004. By order dated October 5, 2004, the Court referred the case to United States Magistrate Judge Hugh W. Brenneman for submission of recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge initially denied Petitioner's motion for appointment of counsel, but subsequently appointed the Federal Public Defender's Office to represent Petitioner on his § 2255 motion. Thereafter, attorney David Kaczor of that office appeared on behalf of Petitioner.

      On March 10, 2006, the magistrate judge held an evidentiary hearing at which he received testimony from Petitioner's trial counsel, Richard Zombon, Helen Nieuwenhuis, another attorney whom Petitioner had contacted about filing an appeal, and Petitioner. On April 16, 2007, the magistrate judge issued a report and recommendation in which he recommended that Petitioner's § 2255 motion be denied. Petitioner did not file objections through his counsel, but on April 30, 2007,

Petitioner filed a *pro se* motion for extension of time to file *pro se* objections to the report and recommendation. The magistrate judge denied the motion in an order entered on May 4, 2007, reasoning that Petitioner was represented by counsel and therefore was not entitled to file his own objection. The magistrate judge further noted that even if Petitioner were entitled to file an objection, he had failed to present any valid objection. On April 13, 2007, prior to the issuance of the report and recommendation, Petitioner filed a motion for free copies of transcripts of the status conference before the magistrate judge and the evidentiary hearing. The magistrate judge did not address that motion, which remains pending.

On May 7, 2007, Petitioner filed a motion for reconsideration of the order denying his motion for extension of time. In his motion, Petitioner stated that Mr Kaczor would not be filing an objection and that Petitioner desired to file his own objection. He renewed his earlier request for transcripts of the prior status conference and the evidentiary hearing and again requested an extension of time to file an objection. At or about the same time, Mr. Kaczor provided the Court a copy of his May 9, 2007 letter to Petitioner explaining his reasons for not filing an objection. Petitioner did, in fact, file his *pro se* objection on May 14, 2007, and followed up with a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) on May 29, 2007. Finally, on August 9, 2007, Petitioner sent a letter to the Clerk stating that he no longer wanted or needed assistance from Mr. Kaczor, which the Clerk docketed as a motion to have Mr. Kaczor removed as Petitioner's counsel.

**Discussion**

1.  **Motion For Reconsideration**

Although the magistrate judge denied Petitioner's motion for extension of time, the Court will grant Petitioner's motion for reconsideration with respect to the extension of time only because Petitioner has filed his own objection, which the Court will consider. The remainder of the motion concerning transcripts will be denied for the reasons set forth below in connection with the denial of the pending motion for copies of transcripts.

2.  **Objection To Report And Recommendation**

The Court has conducted a *de novo* review of the magistrate judge's report and recommendation and concludes that it should be adopted as the opinion of the Court. Petitioner devotes the majority of his objection to issue I, ineffective assistance of counsel for failure to file an appeal, although he also addresses issue IV regarding Sentencing Guideline 2k2.1(b)(5), which he misidentifies as issue VII. Having reviewed Petitioner's objection, the Court concludes that Petitioner fails to identify any persuasive reason to reject the report and recommendation on these issues.

In the report and recommendation, the magistrate judge stated his reasons for finding Mr. Zambon's testimony credible and Petitioner's testimony not credible. The magistrate judge essentially relied on the inconsistencies in Petitioner's own testimony to find that Petitioner's testimony was not credible. On the other hand, the magistrate judge found Mr. Zambon's testimony more credible because it was both consistent with the record and not internally consistent, as was Petitioner's testimony. The magistrate judge found that Mr. Zambon's testimony "establishe[d] that

(1) Mr. Zambon met with Movant and consulted with him about the appeal and (2) Movant did not direct Mr. Zambon to file an appeal." (Report and Recommendation at 13.)

Petitioner notes that the magistrate judge did not state in his report and recommendation that Petitioner specifically told his attorney not to appeal. Even so, as the magistrate judge concluded that the credible evidence showed that Mr. Zambon consulted with Petitioner and confirmed that Petitioner did not want to file an appeal. Petitioner asserts that the evidence is more consistent with Mr. Zambon talking Petitioner out of an appeal. While this may be Petitioner's interpretation of the evidence, the fact remains that, after consulting with Petitioner, Mr. Zambon had no reason to believe that Petitioner wanted to file an appeal.

Regarding issue IV, Petitioner states that he would have appealed the four-point enhancement under Sentencing Guideline 2K2.1(b)(5). As the Court reads Petitioner's objection, in discussing this issue, Petitioner does not appear to be raising a specific objection to the magistrate judge's conclusion on this issue, but only pointing out that this is the issue he would have raised on appeal. Because Petitioner failed to show ineffective assistance by Mr. Zambon in not filing an appeal, Petitioner's argument on the enhancement must fail. Morever, Petitioner's argument must be rejected even if it is made on the substantive sentencing issue because Petitioner cites no persuasive reason why this Court erroneously applied the enhancement in sentencing Petitioner.

3.  **Rule 60(b) Motion And Motion To Discharge Counsel**

Petitioner filed his Rule 60(b) motion prior to the Court adopting the report and recommendation and, therefore, prior to entry of a final judgment or order. The Government asserts that the Court should treat the motion as a second or successive § 2255 motion. The Court disagrees because, no final decision having been rendered on the initial motion, the Rule 60(b) motion could

not function as a second or successive motion. In any event, having reviewed the motion, the Court will deny it because it lacks merit. Essentially, Petitioner contends that the report and recommendation was procured by fraud because Mr. Kaczor was not authorized to act on behalf of Petitioner. Petitioner states that "David Kaczor's entrance of Appearance on Movant's behalf is unauthorized" and that "Movant did not authorize David Kaczor, an agent for the United States of America, to act as counsel." (Mot. for Relief ¶ 18.) This assertion fails because until Mr. Kaczor informed Petitioner that he would not be filing an objection to the report and recommendation, Petitioner had never objected to having Mr. Kaczor represent him as his court appointed attorney in this matter. In fact, both before and after the evidentiary hearing, Petitioner acknowledged Mr. Kaczor as his counsel. Although Petitioner alleges for purposes of Rule 60(b)(3) that Mr. Kaczor committed fraud, misrepresentation, or misconduct, Petitioner fails to substantiate any of these allegations. Instead, the record is clear that Mr. Kaczor proceeded to represent Petitioner in a competent manner throughout this matter. The fact that Mr. Kaczor reached a well-considered professional opinion that there were no sound reasons to file an objection does not support a claim of fraud or that Mr. Kaczor was acting in an adversarial manner to Petitioner's interests. Accordingly, the Court will deny Petitioner's Rule 60(b)(3) motion and will also deny Petitioner's request to remove Mr. Kaczor as his counsel.

4. **Motion For Transcripts**

The Court will deny Petitioner's motion for transcripts of the status conference and the evidentiary hearing. "An indigent defendant who is pursuing a motion under § 2255 is entitled to free transcripts . . . only if the court finds that the § 2255 motion is not frivolous and the transcript is needed to decide the issues presented in the motion." *Jennings v. United States*, No.

7:06CV00604, 2007 WL 1960607, at *1 (W.D. Va. July 5, 2007) (citing 28 U.S.C. § 753(f)). The Court has already concluded that Petitioner is not entitled to relief on any of the grounds raised in his § 2255 motion, and Petitioner has failed to identify why the transcripts are necessary to decide the issues presented in his motion. Petitioner merely states that he needs the "transcripts for research purposes for further legal documents that will be filed herein [sic] this District Court." (Mot. Requesting Transcripts ¶ 4.) Thus, Petitioner has failed to meet his burden of showing the necessity for the transcripts.

**5.     Certificate Of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

### III. Conclusion

For the foregoing reasons, the Court will: (1) grant Petitioner's motion for reconsideration for an extension of time in which to file an objection; (2) overrule Petitioner's objection and adopt the report and recommendation as the Opinion of the Court; (3) deny Petitioner's motion for relief from judgment under Rule 60(b)(3) and deny Petitioner's request to remove his appointed counsel; (4) deny Petitioner's motion requesting transcripts of the status conference and the evidentiary hearing; and (5) deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: September 7, 2007                                /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE